**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

v.

**BRENDA SUE BORDERS,**

**Defendant.**

Case No. 2:10-cr-5 (1)
**CHIEF JUDGE EDMUND A. SARGUS, JR.**

## OPINION AND ORDER

This matter is before the Court on Defendant Brenda Sue Borders's Motion for Judicial Recommendation (ECF No. 229), which, for the following reasons, the Court **DENIES**.

Defendant pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin (Count 1) and possession of a firearm in furtherance of a drug trafficking crime (Count 2). (J. in a Crim. Case at 1–2, ECF No. 169.) The Court sentenced Defendant on February 15, 2011, to consecutive terms of 60 months on each count for a total sentence of 120 months of incarceration. (*Id.* at 3.) Defendant represents that the Bureau of Prisons (BOP) will release her from custody on either February 1, 2019, or March 4, 2019. (*See* Mot. at 2–3, ECF No. 229.) In her Motion, Defendant asks the Court to recommend to the BOP that she be placed in a residential re-entry center for the last six to nine months of her sentence. (*Id.* at 1.)

The Director of the BOP is obliged, "to the extent practicable, [to] ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to

and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility." 18 U.S.C. § 3624(c)(1).

This congressional mandate, however, "does not encroach upon the BOP's broad discretion and authority to determine where prisoners may be confined during the prerelease period." *Tunnicliffe v. Bureau of Prisons*, No. 06-cv-49, 2006 WL 1360802, at *4 (E.D. Ky. May 15, 2006). When making inmate placement decisions, the BOP considers five factors:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence—

    (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

    (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b); *see United States v. George*, No. 14-20119, 2018 WL 2148179, at *2 (E.D. Mich. May 10, 2018).

Thus, although the sentencing court may make recommendations, the BOP retains the ultimate authority to determine where a prisoner will be incarcerated and whether the prisoner will be placed in a community correctional facility during the final months of his or her incarceration. *See George*, 2018 WL 2148179, at *2; *see also* 18 U.S.C. § 3621(b) ("Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment of that person.").

The Court congratulates Defendant on her success in prison and her efforts to better herself through work and classes. (*See* Mot. at 2.) And the Court wishes Defendant success as she finishes her incarceration and reintegrates back into the community. But given that the Court lacks authority to direct the BOP in its placement decisions, and given that the BOP, in any event, is better positioned than the Court to make placement decisions, the Court declines to make a recommendation regarding Defendant's residential re-entry placement. Accordingly, Defendant's Motion for Judicial Recommendation (ECF No. 229) is **DENIED**.

**IT IS SO ORDERED.**

_5-25-2018_
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**